NOT FOR PUBLICATION (Doc. No. 1)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Brian Christopher CARTER, | |
| Plaintiff, | Civil No. 16–0138 (RBK/KMW) |
| v. | **OPINION** |
| Peter C. HARVEY, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

Plaintiff Brian Christopher Carter filed a Civil Complaint on January 5, 2016. In his Complaint, Mr. Carter seeks monetary relief from the Honorable Peter G. Sheridan, U.S.D.J. ("Judge Sheridan"). The Court dismisses with prejudice Mr. Carter's claims against Judge Sheridan on the grounds of judicial immunity.

The Court has power to dismiss claims *sua sponte* under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed

on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Also, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The doctrine of judicial immunity provides that judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). A judge will be deprived of judicial immunity only if his actions were not taken in a judicial capacity, *Mireles*, 502 U.S. at 9, or if his actions were taken in the clear and complete absence of all jurisdiction. *Id.* at 11–12.

Plaintiff seeks monetary relief for acts Judge Sheridan clearly took in his judicial capacity. Judge Sheridan is entitled to judicial immunity for any orders he issued related to the Young Carter 2013 Trust. It is irrelevant if Plaintiff believes those orders were incorrect, unfair, or done with improper motive. Furthermore, although Plaintiff alleges that Judge Sheridan "proceeded without jurisdiction[,]" Plaintiff does not allege any facts to support that legal conclusion. *See* Compl. at 9. This Court is not required to accept threadbare, conclusory statements in considering Plaintiff's claims under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678.

Because Judge Sheridan is entitled to judicial immunity and Plaintiff has not alleged any facts to overcome Judge Sheridan's judicial immunity, Plaintiff's claims against Judge Sheridan are **DISMISSED WITH PREJUDICE**.

Dated:   01/12/2016                                                                   s/ Robert B. Kugler

ROBERT B. KUGLER

United States District Judge